IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                  **Case No. 99-40069-02-RDR**

CHRIS EUGENE BUTLER,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is presently before the court upon defendant's petition for writ of <u>error coram nobis</u>. Having carefully reviewed the petition as well as the files and records in this case, the court is now prepared to rule.

On September 8, 1999, the defendant was indicted along with five co-defendants in a 19-count indictment. The defendant was charged with conspiracy to distribute in excess of one kilogram of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 846 [Count 1], attempted distribution of approximately 1,261 grams of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 846 [Count 17] and attempted intimidation of a witness in violation of 18 U.S.C. § 1512(a)(1)(b)(1) [Count 18].

On February 23, 2000, the defendant entered guilty pleas pursuant to a plea agreement to Count 1 and Count 18. Following

his guilty pleas, a presentence report was prepared for the court. The defendant's counsel raised a variety of objections to it. The government filed a motion for downward departure pursuant to U.S.S.G. § 5K1.1. The court denied the defendant's objections and granted the government's motion. United States v. Butler, 2000 WL 1279496 (D.Kan. 2000). The court sentenced the defendant to a term of imprisonment of 204 months on Count 1 and 120 months on Count 18 with the sentences to run concurrently. Id. The defendant appealed his sentence. On July 18, 2001, the Tenth Circuit affirmed. United States v. Butler, 15 Fed.Appx. 664 (10th Cir.), cert. denied, 534 U.S. 937 (2001).

On August 16, 2002, the defendant filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. In that motion, he contended that (1) the court erred in enhancing his offense level for use of firearms pursuant to U.S.S.G. § 2D1.1(b); and (2) he was denied effective assistance of counsel based on counsel's alleged failure to challenge the enhancement of his sentence for the firearms issues and for obstruction of justice, or to challenge the amount of drugs attributed to him. The court denied this motion on November 4, 2002. United States v. Butler, 2002 WL 31730925 (D.Kan. 2002). The Tenth Circuit affirmed on October 6, 2003. United States v. Butler, No. 03-3009 (10th Cir. 2003) (unpublished order).

The defendant then sought authorization from the Tenth Circuit

to file a second or successive § 2255 motion in 2005.  In that motion, the defendant argued that his sentence was illegal under United States v. Booker, 543 U.S. 220 (2005).  On December 22, 2005, the Tenth Circuit denied that motion.  Butler v. United States, No. 05-3425 (10th Cir. 2005) (unpublished order).

The defendant again sought authorization from the Tenth Circuit to file a second or successive § 2255 motion in 2009.  In this motion, he contended that he did not "possess" the firearm in connection with the drug offense.  This motion was denied on June 5, 2009.  In re: Butler, No. 09-3130 (10th Cir. 2009) (unpublished order).

The defendant filed the instant motion on July 21, 2009. Here, he argues that his guilty plea was not voluntarily and intelligently made.  In support of that claim, he contends that the court failed to inform him that his term of imprisonment could be enhanced based on conduct not contained in the indictment.  The defendant requests an evidentiary hearing to consider his claim. The defendant contends that he is entitled to raise this issue in a petition for writ of coram nobis because (1) it is extraordinary; (2) it has not been raised in any past proceedings; and (3) there are no other available remedies.

In United States v. Morgan, 346 U.S. 502 (1954), the Supreme Court explained that the All Writs Act, 28 U.S.C. 1651(a), authorizes federal courts to continue to issue the writ of coram

nobis in extraordinary cases.  Morgan, 346 U.S. at 506-13.  The Morgan Court suggested, however, three prerequisites to the granting of a writ of coram nobis:  (1) the petitioner must have exercised diligence in bringing his claim; (2) the writ is only available when other remedies and forms of relief are unavailable or inadequate; and (3) the writ is available to correct errors of fundamental nature.  Morgan, 346 U.S. at 511-12.  Since that time, the Supreme Court commented on the rarity of the writ's application.  "'[I]t is difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis] would be necessary or appropriate.'"  Carlisle v. United States, 517 U.S. 416, 429 (1996) (quoting United States v. Smith, 331 U.S. 469, 475 n. 4 (1947)).

For a variety of reasons, the court does not find that relief under the writ of coram nobis is available to the petitioner here. The court further finds no reason to schedule an evidentiary hearing.  We note initially that the defendant raises a claim that could have been raised on appeal or in his original habeas corpus petition.  The defendant has not demonstrated any reason for his failure to raise this issue at an earlier time.  The writ may not be employed to litigate issues that were or could have been raised on direct appeal or in other, collateral litigation.  See Embrey v. United States, 240 Fed.Appx. 791, 794 (10th Cir. 2007).  Even if we were to overlook defendant's lack of diligence or the fact that

4

other modes of relief were available to him, we would find that the defendant has failed to demonstrate a fundamental miscarriage of justice.  The proceedings leading to the defendant's underlying criminal conviction are presumed correct, and the defendant has the burden of asserting a jurisdictional or constitutional error resulting in a "complete miscarriage of justice." Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989).  To meet this burden, a defendant must, among other things, assert his "innocence of the charge."  United States v. Bustillos, 31 F.3d 931, 934 (10th Cir. 1994).  The defendant has failed to make any such allegation. Accordingly, for these reasons we find that the defendant's petition must be denied.

   Even if we were to reach the merits of the defendant's claim, we would also find that defendant's petition must be denied.  A guilty plea must be voluntarily and intelligently made. Boykin v. Alabama, 395 U.S. 238, 244 (1969).  Rule 11 of the Federal Rules of Criminal Procedure provides procedural safeguards for assuring that guilty pleas are entered voluntarily and knowingly.  It requires "a judge to address a defendant about to enter a plea of guilty, to ensure that he understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant." United States v. Vonn, 535 U.S. 55, 62 (2002).

   The court has thoroughly reviewed the plea proceedings in this matter.  At the time of the plea, the defendant was 33 years old

and was represented by experienced counsel.  During the plea colloquy, the court exhaustively examined the defendant on the consequences of his plea pursuant to Rule 11.  The defendant was, <u>inter alia</u>, informed of the possible penalties involved.  The defendant was also told that his sentence could not be determined at that time.  He was further informed that his sentence would be considered under the Guidelines established by the Sentencing Reform Act of 1984.  The court specifically told the defendant that "the sentence imposed may be different from any estimate your attorney may have given to you."  The defendant told the court that he understood the matters related by the court.  At the conclusion of the hearing, the defendant indicated that he agreed with the court that his guilty plea was made "freely and voluntarily and because [I'm] guilty as charged, was not made out of ignorance, fear, inadvertence or coercion, and that [I'm] making this plea of guilty with the full understanding of its consequences."  The defendant also signed a guilty plea petition.  In court, the defendant indicated that he understood the petition because he had gone over it with his counsel.  The petition clearly indicates to the defendant that uncharged conduct may be considered by the court in determining his sentence:  "In determining the guideline range, whether to depart, and the sentence to impose, the Court may take into account all relevant criminal conduct, which may include counts to which I have not pled guilty or been convicted and take

into account background characteristics, unless otherwise prohibited by law." In sum, there is little question that the defendant fully understood that other relevant conduct would be considered and that his plea was freely, voluntarily and knowingly made. Accordingly, the court finds that defendant's petition for <u>error coram nobis</u> must be denied.

**IT IS THEREFORE ORDERED** that defendant's petition for writ of <u>error coram nobis</u> (Doc. # 418) be hereby denied.

**IT IS SO ORDERED.**

Dated this 14th day of September, 2009 at Topeka, Kansas.

                              s/Richard D. Rogers
                              United States District Judge